UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL S. BENT, pro se
1115 SE 164 Ave Suite 210-S33
Vancouver, WA 98683

Plaintiff,

v.

UNNAMED CAPITOL POLICE ONE,
1 First St., NE, Washington, DC 20543, in official and individual capacity,

UNNAMED CAPITOL POLICE TWO,
1 First St., NE, Washington, DC 20543, in official and individual capacity,

Defendants.

Case: 1:18-cv-02636
Assigned To : Moss, Randolph D.
Assign. Date : 11/15/2018
Description: Pro Se General (F-DECK)

COMPLAINT FOR
MONEY DAMAGES

Civil Action

Judge: ____________________

## INTRODUCTION

1. Comes now the Plaintiff, MICHAEL S. BENT, making the following complaint under the federal Constitution, and do hereby allege and avers as follows:

## I. PARTIES

### PLAINTIFF

2. Plaintiff MICHAEL S. BENT (hereafter, "Plaintiff Bent") is a resident of the County of Clark within the State of Washington. Plaintiff Bent brings this action in his own right.

PUBLIC DEFENDANTS

3. Defendants UNNAMED CAPITOL POLICE ONE and UNNAMED CAPITOL POLICE TWO are assigned to the Supreme Court and authorized under 40 U.S.C. § 6121 et seq., to police Building and grounds[1]. Defendants are sued in both their official and individual capacity.

## II. JURISDICTION and VENUE

4. This suit raises federal questions under the United States Constitution, particularly the Fourth and Fifth Amendments, and under federal law including 40 U.S.C. § 6121 et seq., the Federal Tort Claims Act, 28 U.S.C. § 2674, and as federal "*Bivens*" action under 42 U.S.C. § 1983 (*Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)).

5. This federal District Court has original jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367, given that claims for relief derive from the United States Constitution and the laws of the United States.

6. This Court has authority to award the requested damages relief under 28 U.S.C. § 2674, 42 U.S.C. § 1983, and costs under 42 U.S.C. § 1988.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because the defendants are officers or employees of the United States acting in their official capacity and the primary acts giving rise to this claim occurred in this district.

## III. FACTUAL ALLEGATIONS

[1] 40 U.S.C.§ 6121. General
(a) AUTHORITY OF MARSHAL OF THE SUPREME COURT AND SUPREME COURT POLICE.—In accordance with regulations prescribed by the Marshal of the Supreme Court and approved by the Chief Justice of the United States, the Marshal and the Supreme Court Police shall have authority— (1) to police the Supreme Court Building and grounds and adjacent streets to protect individuals and property.

INTERUPTED DELIVERY OF PLAINTIFF'S PETITION
TO THE SUPREME COURT

8. On or about November 15, 2018, Plaintiff Bent and this brother Ronald A. Bent attempted to file two petitions for certiorari with the Supreme Court Clerk. However, while attempting to enter through the visitors entrance they were redirected by the attendant officer to instead deposit all documents at a booth north of the courthouse on the public walkway. The officer could not cite statutory authority but Plaintiff Bent complied under duress.

9. Plaintiff Bent and brother proceeded to the booth where UNNAMED CAPITOL POLICE ONE instructed Plaintiff Bent to place all documents related to the first petition into a large plastic bag. Plaintiff Bent complied under duress after requesting UNNAMED CAPITOL POLICE ONE to take the petition documents directly to the Clerk of the Supreme Court. UNNAMED CAPITOL POLICE ONE left with the first petition in the bag.

10. UNNAMED CAPITOL POLICE TWO came over when Plaintiff Bent sought to deliver his second petition. UNNAMED CAPITOL POLICE TWO instructed Plaintiff Bent to place all documents related to the second petition into another large plastic bag. Plaintiff Bent complied under duress after requesting UNNAMED CAPITOL POLICE TWO to take the petition directly to the Clerk of the Supreme Court. UNNAMED CAPITOL POLICE TWO left with the second petition in the bag.

## IV. ALLEGATIONS OF LAW

11. The published Supreme Court Rules are approved by the Chief Justice of the United States as the official instructions defining the operation of the Court and includes case filing procedures.

12. Supreme Court Rules (1, 12, 13 and 29) lead to the unambiguous conclusion that litigants are to provide case documents to the Supreme Court Clerk who is thereafter accountable to assure case documents are filed and not removed from the Court building.

13. Plaintiff Bent questioned the authenticity of what will eventually presented to Supreme Court Clerk for filing and asserts this violates his Fourth Amendment right of assurance that his documents will not be compromised (that is, be secure in his papers against government actors) and his Fifth Amendment right of due process.

## VI. CLAIMS

### CLAIM ONE

### SUPREME COURT POILICE INTERVENTION VIOLATES PLAINTIFFS' RIGHT TO BE SECURE IN HIS PAPERS AS GUARANTEED BY THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

14. Each of the preceding paragraphs is incorporated herein.

15. Plaintiff Bent has a federal right to be secure in his papers as guaranteed by the Fourth Amendment and requires that the Court assure the integrity of his papers after delivery.

16. Papers such as the Petition submitted to the Court must be handled only by those who are authorized to handle such documents and who are held accountable, such as the Supreme Court Clerk, for assuring documents intended for review by the Court are protected.

17. Most inferior courts afford filers the option to directly hand-deliver documents to their Court Clerks and provide for inspection in view of filers at the point of entry to the Court and thereby assure this practice is workable.

CLAIM TWO

SUPREME COURT POILICE INTERVENTION VIOLATES PLAINTIFFS' RIGHT TO DUE PROCESS AS GUARANTEED BY THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

18. Each of the preceding paragraphs is incorporated herein.

19. Plaintiff Bent has a federal right of meaningful access to the Court as guaranteed by the Due Process clause of the Fifth Amendment. Meaningful access requires the Supreme Court to assure Plaintiff Bent's filings are in fact the documents he has submitted to communicate his requests, arguments and pleas.

20. Papers such as the Petition submitted to the Court are accepted to be Plaintiff Bent's and assume to communicate his requests, arguments and pleas. If the Court does not reasonable protect Plaintiff Bent's papers submitted for review, such that papers filed with the Court do not represent his requests, arguments and pleas, then, for all practical purposes the Court has in fact denied Plaintiff Bent meaningful access to the Court.

21. As noted, most inferior courts afford filers the option to directly hand-deliver documents to their Court Clerks and provide for inspection in view of filers at the point of entry to the Court and thereby assure this practice is workable.

## VII. PRAYER FOR RELIEF

22. WHEREFORE, Plaintiff Bent respectfully prays for a judgment against defendants for compensatory relief including:

A) Damages award of $250,000 – roughly half the expected value of Bent's petitions that have now been compromised due to the CAPITOL POLICE confiscation.

B) Bent's reasonable costs and expenses of this action;

C) That this Court retain jurisdiction of this matter for the purpose of enforcing this Court's orders;

Signature executed on 15th day of November 2018.

Michael S. Bent, pro se
1115 SE 164 Ave Suite 210-S33
Vancouver, WA 98683
msgbent@gmail.com

VERIFICATION

Plaintiff MICHAEL S. BENT hereby declare, verify, certify and state, pursuant to the penalties of perjury under the laws of the United States, and by the provisions of 28 U.S.C. § 1746, that the above and foregoing representations are true and correct to the best of his knowledge, information, and belief.

Executed at Washington District of Columbia, on 15th day of November 2018.

Michael S. Bent, pro se