UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL S. BENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-2636 (CKK) |
| ) | |
| THE UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants, through counsel, respectfully submit this reply in support of the pending motion to dismiss.

This Court should dismiss Plaintiff's complaint because Supreme Court employees have absolute immunity from suit for performing functions that Plaintiff himself asserts are part of "the adjudicative process of the Supreme Court," 2d Am. Compl. ¶ 39 – namely, receiving pleadings for filing with the Supreme Court of the United States. Plaintiff's Response to the Motion to Dismiss only *confirms* that Plaintiff challenges the Supreme Court's filing practices, by stating that the Supreme Court Police's actions violate the Supreme Court Rules and his "right to an impartial tribunal." Pl.'s Combined Response In Opp. to Both Mots. To Dismiss by the U.S. Attorney (Mar. 29, 2019) (Dkt. No. 18) at 13 ("Pl.'s Response"). As with Plaintiff's last unsuccessful suit, "[a]t its core, Plaintiff's lawsuit effectively asks this Court to decide that the Supreme Court – or certain components thereof, *e.g.*, the Clerk, Marshal, or Chief of Police – is wrong to require Plaintiff's petition to be filed in a certain way." *Bent v. Talkin*, Civ. A. No. 17-2320 at 5 (D.D.C. Nov. 30, 2017) (dismissing complaint); *aff'd*, *Bent v. Talkin*, No. 18-5001 (D.C. Cir. Aug., 18, 2018), *cert. denied*, No. 18-917 (Mar. 18, 2019). This Court has held that a

Supreme Court employee's receipt and processing of attempted pleadings "are part and parcel of the process of adjudicating cases," and therefore claims based on such conduct are barred on grounds of absolute judicial immunity.  *See Reddy v. O'Connor*, 520 F. Supp. 2d 124, 130 (D.D.C. 2007).  That is exactly what Plaintiff challenges here, and why Plaintiff's claims – just like the claims in his previous suit – must be dismissed.

It is plain that, contrary to Plaintiff's argument in his response, Supreme Court Police officers are employees of the Supreme Court of the United States.  Plaintiff himself alleges in his complaint that "the defendants are officers or employees of the United States acting in their official capacity."  2d Am. Compl. ¶ 7.  That is, of course, correct.  *See* 28 U.S.C. § 672(a) ("The Supreme Court may appoint a marshal."); 28 U.S.C. § 672(b)(8) ("The marshal shall . . . [o]versee the Supreme Court Police."); 40 U.S.C. § 6121(a)(1) ("the Marshal and the Supreme Court Police shall have authority . . . to police the Supreme Court Building and grounds.").  It is incorrect – and inconsistent with Plaintiff's own allegations – to state that the officers are "contractors," or that the government "implicitly accepts" Plaintiff's argument that the officers are not Supreme Court employees.  *See* Pl.'s Response at 4, 10-11, 16-17.  And Plaintiff's claim that his pleadings might be tampered with before delivery to the Clerk's Office are "entirely speculative," as this Court concluded in dismissing his prior suit.  *See Bent v. Talkin*, Civ. A. No. 17-2320 at 6-7 (D.D.C. Nov. 30, 2017).  While *pro se* litigants may be afforded latitude in their pleadings, they may not make baseless assertions.  *See* Fed. R. Civ. P. 11(b)(3).

Plaintiff clarifies that he does not assert any claim under the Federal Tort Claims Act ("FTCA").  *See* Pl.'s Response at 11 (stating that FTCA claims are "not ripe" until this Court determines that Supreme Court Police officers are Supreme Court employees); *id.* at 16 ("the FTCA does not apply here").  The Court therefore need not consider any potential FTCA claim.

Plaintiff also concedes that he failed properly to effect service. *See id.* at 17 ("Pending declaration of this Court regarding the Police Officers class of employment, service on US Government is premature."). Dismissal is thus appropriate for failure to effect service.

Finally, it bears noting that the Court's practice of directing deliveries to the Supreme Court Police is supported by compelling security reasons, as this Court recognized in dismissing Plaintiff's prior suit. *See Bent v. Talkin*, Civ. A. No. 17-2320 at 7 (D.D.C. Nov. 30, 2017) ("As the Court understands it, the challenged Rule is in place to ensure the safety of the Supreme Court. . . . The Court is well aware that our Nation's federal courts – and the Supreme Court in particular – have been the target of attacks through the mail and other deliveries in the past."). The Supreme Court's filing practices are an integral part of the judicial process and suits against Supreme Court employees engaged in that process are barred by judicial immunity. This suit, at base, challenges the Supreme Court's filing practices, and therefore it must be dismissed.

## CONCLUSION

For the foregoing reasons, and those stated in the government's Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss, this action should be dismissed.

    Respectfully submitted,

    JESSIE K. LIU, DC Bar #472845
    United States Attorney

    DANIEL F. VAN HORN, DC Bar #924092
    Chief, Civil Division

By:_____/s/
    W. MARK NEBEKER, DC Bar #396739
    Assistant United States Attorney
    555 4th Street, N.W.
    Washington, DC 20530
    (202) 252-2536
    mark.nebeker@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendants' Reply in Support of Motion to Dismiss has been made by mailing copies thereof to:

Michael S. Bent
1115 SE 164 Ave Suite 210-S33
Vancouver, WA  98683

on this 8th day of April, 2019.

/s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC  20530
(202) 252-2536
mark.nebeker@usdoj.gov