# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MICHAEL S. BENT,
    Plaintiff,
    v.
UNNAMED CAPITOL POLICE ONE, *et al.*,
    Defendants.

Civil Action No. 18-2636 (CKK)

## MEMORANDUM OPINION
(April 17, 2019)

Plaintiff Michael S. Bent recently petitioned the United States Supreme Court for a Writ of Certiorari in separate matters. He brought this lawsuit, *pro se*, to recover purported damages stemming from the method by which the Supreme Court encourages delivery of petitions to the Clerk's Office. Before the Court is Defendants' [16] Motion to Dismiss, which seeks dismissal of this case under Federal Rule of Civil Procedure 12(b)(1), 12(b)(6), and other grounds. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court shall **GRANT** Defendants' Motion to Dismiss, and this case shall be **DISMISSED** for lack of subject-matter jurisdiction or, alternatively, for failure to state a claim.

## I. BACKGROUND

Although Plaintiff's operative complaint is entitled "Second Amended Complaint," it is in fact the first Amended Complaint and shall be referred to as such. *See* 2d [sic] Am. Compl., ECF No. 14 ("Am. Compl.").

---

[1] The Court's consideration has focused on the following documents:

- Mem. of P&A in Supp. of Defs.' Mot. to Dismiss, ECF No. 16 ("Defs.' Mem.");
- Pl.'s Combined Resp. in Opp'n to Both Mots. to Dismiss by U.S. Attorney, ECF No. 18 ("Pl.'s Opp'n"); and
- Reply in Supp. of Defs.' Mot. to Dismiss, ECF No. 21 ("Defs.' Reply").

1

The Court shall rely on the allegations in the Amended Complaint for the few facts pertinent to this decision. *See id.* ¶¶ 8-25. When Plaintiff attempted to hand-deliver a series of petitions directly to the Clerk of the Supreme Court, he was directed to give them instead to police officers outside. *E.g.*, *id.* ¶ 8. He "complied under duress" with the officers' instructions to place the associated documents into designated plastic bags. *E.g.*, *id.* ¶¶ 8, 9. Plaintiff deems this process to represent a "confiscation." *Id.* ¶ 14. He fears that his petitions were tampered with at some point between the time that he deposited them and the time that the Supreme Court considered them. *See, e.g.*, *id.* ¶ 18 (expressing concern that a certain petition's booklets, as reviewed by the Supreme Court, "are reasonably presumed to be substitutes carefully prepared to subvert [Plaintiff] Bent's petition"). Only if Plaintiff were allowed to deliver his petitions directly to the Clerk—which he reads the Supreme Court rules to require—could he rest assured that the Supreme Court reviewed the unaltered originals. *See, e.g.*, *id.* ¶ 27 (arguing that Supreme Court rules require "litigants . . . to provide case documents to the Supreme Court Clerk who is thereafter accountable to assure case documents are filed and not removed from the Court building").

This suit seeks damages from the Chief of Police and from his officers who allegedly were involved in Plaintiff's delivery of his petitions. In his Amended Complaint, Plaintiff describes the Defendants as "Capitol Police Officer McCullough, Officer Giovanni, Officer N-8, Officer Brown and Chief of Police Jeffery Smith." *Id.* ¶ 3. Defendants, in turn, understand themselves to consist of "Chief of Police Jeffrey Smith; Officer James McCullough; Officer Steven Gigante; Officer Tyler Brown; and possibly Officer Regis Garris III," all of whom are allegedly officers of the Supreme Court of the United States Police. Mot. to Dismiss, ECF No. 16, at 1 n.1. Plaintiff does not object to Defendants' correction that the officers at issue are Supreme Court police, rather than Capitol Police assigned to the Supreme Court. *See* Am. Compl. ¶ 3; Am. Certification, ECF No.

16-1, at 1 n.1; Pl.'s Opp'n at 7. With the exception of Chief of Police Smith, who is sued in his official capacity, all of the other officers are named in both their official and individual capacities. Am. Compl. ¶ 3.

Plaintiff identifies two claims in his "Claims" section, where he alleges violations of a Fourth Amendment "right to be secure in his papers" and a Fifth Amendment due process right. *Id.* ¶¶ 4, 33-40. The jurisdictional portion of Plaintiff's Amended Complaint cites several additional putative grounds for a federal question, namely 40 U.S.C. § 6121 *et seq.*; the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674; and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971). Am. Compl. ¶ 4 & n.2; *see also id.* ¶ 6 (alleging that damages can be awarded pursuant to the FTCA, 28 U.S.C. § 2674).

Defendants have moved to dismiss Plaintiff's operative complaint under Federal Rule of Civil Procedure 12(b)(1), (2), (4), (5), and (6). Briefing having concluded, their motion is ripe for decision.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

A court must dismiss a case pursuant to Federal Rule 12(b)(1) when it lacks subject-matter jurisdiction. In determining whether there is jurisdiction, "the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)) (internal quotation marks omitted). "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S.*

3

*Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, still that "[p]laintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Am. Farm Bureau v. EPA*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted).

### B. Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citing, e.g., *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Instead, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 556, 570; *Erickson*, 551 U.S. at 93. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The complaint must establish "more than a sheer possibility that a defendant has

acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

At its core, Plaintiff's lawsuit effectively asks this Court to decide that the Supreme Court—or certain of its officials, namely the Chief of Police and his officers—is wrong to require that Plaintiff's petitions be filed a certain way. It is well established that district courts may not "compel the Clerk of the Supreme Court to take any action." *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam). The Supreme Court itself has exclusive "inherent supervisory authority over its Clerk" and, for that reason, district courts lack jurisdiction over cases challenging the filing practices of the Supreme Court. *Id.* (affirming dismissal of case in which plaintiff "claim[ed] the Clerk erroneously rejected certain of his filings"); *Gillenwater v. Harris*, Civil Action No. 16-cv-495 (TSC), 2016 WL 8285811, at *1 (D.D.C. Apr. 12, 2016), *aff'd*, No. 16-5107, 2016 WL 6915556 (D.C. Cir. Oct. 5, 2016) (per curiam), *cert. denied*, 137 S. Ct. 1346 (2017) (dismissing case for lack of jurisdiction where plaintiff sought, for example, "a declaratory judgement that a statute and rule governing filings in the Supreme Court [were] unconstitutional"); *Miller v. Harris*, No. CV 14-1330, 2014 WL 3883280, at *1 (D.D.C. Aug. 5, 2014) (Kollar-Kotelly, J.), *aff'd*, 599 F. App'x 1 (D.C. Cir. 2015) (per curiam) (dismissing case where plaintiff "sue[d] the Clerk of the United States Supreme Court and other employees of that office for returning his petition for writ of habeas corpus," because the court "lack[ed] jurisdiction to review the decisions of the United States Supreme Court, including those of its Clerk of Court"); *Jordan v. Suter*, 116 F. App'x 288, 288-89 (D.C. Cir. 2004) (per curiam) (affirming dismissal of suit against Supreme

Court Clerk and defendant styled as Supreme Court case analyst, among other defendants, because "[t]he lower courts have no supervisory authority over the Supreme Court or its employees").

In a recent, related case—the subject of one of Plaintiff's petitions—Plaintiff sued the Marshal of the Supreme Court and the Chief of Police of the Supreme Court for alleged violations of the Fourth and Fifth Amendments very similar to such claims in this case. *See Bent v. Talkin*, 280 F. Supp. 3d 107 (D.D.C. 2017), *aff'd*, No. 18-5001, 2018 WL 4099587 (D.C. Cir. Aug. 14, 2018) (per curiam), *cert. denied*, No. 18-917, 2019 WL 234913 (U.S. Mar. 18, 2019) (Mem.). He challenged the following Supreme Court "rule" for hand-delivered briefs:

> Briefs that are delivered to the police booth at the North Drive of the Supreme Court building before 2:00 p.m. on a day that the Court is open for business will be delivered to the Clerk's Office that same day, provided that they are submitted in an open container. To be considered an "open container," the package containing the briefs may not be sealed or taped shut, and no envelopes or other containers within or attached to the package may be sealed or taped shut. Parties to merits cases are strongly encouraged to have briefs hand-delivered to the police booth at the North Drive of the Supreme Court building, rather than having those briefs delivered by U.S. mail or commercial carrier.

*Bent v. Talkin*, 280 F. Supp. 3d at 109 (quoting Compl. ¶ 3, *Bent v. Talkin*, No. 17-cv-2320 (CKK) (D.D.C.), ECF No. 1). He attributed these instructions to the Supreme Court's webpage entitled "Delivery of Documents to the Clerk's Office." Compl. ¶¶ 1, 3, *Bent v. Talkin*, No. 17-cv-2320 (CKK) (D.D.C.), ECF No. 1. Plaintiff's prayer for relief primarily sought 1) "[a] declaration invalidating the requirement for hand-delivering documents to the police booth as stipulated under Delivery of Documents to the Clerk's Office per the Supreme Court's Internet site"; and 2) "[a]n injunction prohibiting the Supreme Court Police from intercepting Plaintiff Bent's papers submitted to the Supreme Court of the United States and instead require any inspection be performed in view of the Supreme Court Clerk." *Id.* ¶ 54(A), (B). This Court denied Plaintiff's motion for preliminary injunction and dismissed the case, *sua sponte*, for lack of subject-matter

6

jurisdiction. *Bent v. Talkin*, 280 F. Supp. 3d at 112. When the Court of Appeals summarily affirmed the denial of Plaintiff's preliminary injunction, that court also affirmed the dismissal of his case:

> Appellant's complaint challenges the United States Supreme Court's guidance governing delivery of documents to the Supreme Court Clerk's Office. Because the challenged guidance and requested declaratory and injunctive relief relate to the Supreme Court's filing practices, the district court properly concluded that it lacked authority to enjoin or to order personnel in the Supreme Court Clerk's Office *or Supreme Court police officers* to take specific action. See In re Marin, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam).

*Bent v. Talkin*, No. 18-5001, 2018 WL 4099587, at *1 (emphasis added). The Court of Appeals' decision makes clear that this Court cannot compel the Chief of Police or his officers to accept Supreme Court filings a certain way.

In the present case, Plaintiff does not seek a declaratory judgment or injunction, but instead seeks damages for having to deposit his petitions with the Supreme Court police.[2] Defendants invoke absolute immunity to shield themselves from claims seeking monetary relief, arguing that immunity available to the Supreme Court Clerk and the Clerk's Office in the exercise of official duties should apply to them as well. *See* Defs.' Mem. at 5-6 (citing *Miller v. Harris*, Civil Action No. 14-1330, 2014 WL 3883280). This Court expressly declined to reach the immunity argument in Plaintiff's prior case because his complaint did not pursue money damages. *Bent v. Talkin*, 280 F. Supp. 3d at 111 n.2. The parties have not identified any precedent specifically discussing the immunity defense for Supreme Court police officers. But for the same reason that the Clerk and Clerk's Office employees are covered by this immunity, the police are as well in these circumstances: Plaintiff alleges that they were involved in "the case filing process." Am. Compl. ¶ 38.

---

[2] Both of Plaintiff's cases have also sought costs and expenses.

"[T]he same policies underlying immunity for judges also justify a similar grant to those performing tasks intimately related to the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993) (per curiam) (finding that judicial immunity extends to law clerks). Absent immunity for Supreme Court police officers—to the extent that they are involved in the case filing process—"courts would face the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly [would] vent their wrath on clerks, court reporters, and other judicial adjuncts.'" *Id.* (quoting *Dellenbach v. Letsinger*, 889 F.2d 755, 763 (7th Cir. 1989)) (alteration in original).

This is not a case in which Plaintiff sues Supreme Court police officers for the exercise of their law enforcement functions *per se*. Although Plaintiff cites the grounds for Supreme Court policing authority in 40 U.S.C. § 6121, that statute says nothing expressly related to the officers' role in the filing process. Rather, Plaintiff's own pleading demonstrates that those officers are sued simply for performing their duty as *Sindram*'s "judicial adjuncts," akin to clerks insofar as the officers perform a role in the filing process. That role may be driven by public safety concerns with delivery directly to the Supreme Court Clerk. *See, e.g.*, *Bent v. Talkin*, 280 F. Supp. 3d at 112. Although Plaintiff does not discuss the source of the officers' role in the filing process, it is readily apparent based on the instructions that he challenged in *Bent v. Talkin*. The instructions that hand-delivered briefs are to be deposited at the police booth are not subject to challenge in federal court, as the Court of Appeals affirmed. Nor, accordingly, does the Supreme Court police officers' handling of materials delivered pursuant to these instructions expose them to damages liability.

Plaintiff's Amended Complaint clearly alleges only the two constitutional claims. But a complaint drafted by a *pro se* party is held to "less stringent standards" than would be applied to

8

"formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). For that reason, the Court also briefly considers Plaintiff's passing references to the FTCA and *Bivens* in his jurisdictional section.[3] The Court of Appeals has readily dispatched similar such claims:

> To the extent [Plaintiff] filed suit against [Defendant officers] in [their] official capacity for damages based on an alleged constitutional violation, the United States "has not rendered itself liable under [the Federal Tort Claims Act] for constitutional tort claims." *FDIC v. Meyer*, 510 U.S. 471, 478 (1994). And to the extent appellant contends his complaint should be construed as raising claims pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), these claims fail because the [Defendant officers] [are] immune from [Plaintiff's] suit for damages, as the acceptance of filings is "an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam).

*Stebbins v. Keahea*, 599 F. App'x 3, 3-4 (D.C. Cir. 2015) (Mem.) (per curiam) (FTCA alteration in original). Accordingly, the Court lacks jurisdiction over any FTCA claim or *Bivens* claim arising from Defendants' role in the filing process at the Supreme Court.[4] The Court need not discuss any of Defendants' or Plaintiff's other arguments to conclude—once again—that the Court lacks jurisdiction over Plaintiff's claims.

In the alternative, the Court finds that Plaintiff has failed to state valid claims of constitutional violations. The Supreme Court has a filing process, and none of Plaintiff's allegations suggest that Defendants deviated from that process. Moreover, any tampering with his Supreme Court filings is, once again, "entirely speculative." *Bent v. Talkin*, 280 F. Supp. 3d at 111. His Amended Complaint bemoans that his "booklets were not in *assuredly* safe hands prior to docketing," and consequently, the versions reviewed by the Supreme Court were "not *assuredly*

---

[3] Plaintiff has not articulated any grounds for reading a private cause of action into his other putative basis for federal question jurisdiction, namely 40 U.S.C. § 6121 *et seq*.

[4] Because the Court disposes of any FTCA claim on the foregoing basis, the Court does not need to address the putative substitution of the United States as to any such claim. *See* Defs.' Mem. at 10 n.8.

equivalent to the original." Am. Compl. ¶¶ 29, 30 (emphasis added). Plaintiff indicates that he "has verified the online scanned copies but the paper booklets are not accessible for verification." *Id.* ¶ 30. His claims of harm are unsubstantiated. They must be dismissed for failure to state a claim.

It is unnecessary to reach Defendants' arguments about improper service or their other, associated grounds for dismissal under Rule 12(b). *See* Defs.' Mem. at 12-13.

### IV. CONCLUSION

For the foregoing reasons, the Court shall **GRANT** Defendants' Motion to Dismiss, and this case shall be **DISMISSED** for lack of subject-matter jurisdiction or, alternatively, failure to state a claim.

An appropriate Order accompanies this Memorandum Opinion.

Dated: April 17, 2019

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge